# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

MICHAEL SHAWN MCKINNIS,

        Plaintiff,

v.                                   Case No. 3:24-cv-1255-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.

## OPINION AND ORDER[2]

### I.   Status

Michael Shawn McKinnis ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of anxiety, depression, attention deficit hyperactivity disorder, post-traumatic stress disorder, and oppositional defiant disorder. Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"),

---

[1]    Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

filed January 31, 2025, at 142, 150, 360. Plaintiff protectively filed an application for SSI on November 18, 2022, alleging a disability onset date of July 10, 2002. Tr. at 287-93; see also Tr. at 142, 150. The application was denied initially, Tr. at 141, 142-48, 160-63, and upon reconsideration, Tr. at 149, 150-58, 183-85.[3]

On July 23, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.[4] Tr. at 111-40. During the hearing, Plaintiff amended the alleged onset disability date to November 18, 2022, the date the application was filed. Tr. at 113. On August 12, 2024, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 11-21.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council. See Tr. at 5-6 (Appeals Council exhibit list and order), 29-31, 284-86 (request for review and cover letter). On October 17, 2024, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On December 4, 2024, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3),

---

[3] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4] The hearing was held via telephone, with Plaintiff's consent. Tr. at 113, 264-65, 268.

by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the residual functional capacity ("RFC") assigned by the ALJ does not sufficiently "account for Plaintiff's moderate limitations in concentration, persistence, and maintaining pace." Plaintiff's Memorandum of Law (Doc. No. 15; "Pl.'s Mem."), filed April 17, 2025, at 7 (emphasis omitted). On June 18, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.") addressing Plaintiff's argument. Then, on July 2, 2025, Plaintiff's Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Reply") was filed. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant

---

[5]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 13-20. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 18, 2022, the application date." Tr. at 13 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: anxiety, an affective disorder, attention-deficit hyperactivity disorder (ADHD), oppositional defiant disorder (ODD), personality disorder, borderline IQ, and deep venous thrombosis (DVT)." Tr. at 13 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 13 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform medium work as defined in 20 CFR [§] 416.967(c) with limitations. [Plaintiff] must avoid ladders or unprotected heights. [Plaintiff] must avoid the operation of heavy moving machinery. [Plaintiff] must avoid the operation of foot controls. [Plaintiff] requires a low stress job with simple tasks and no production line. [Plaintiff] must avoid contact with the public and coworkers, and needs tasks that do not require the assistance of others or require him to assist others in the performance of their tasks.

Tr. at 15 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 19 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("35 years old . . . on the date the application was filed"), education ("limited"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 19 (emphasis and citation omitted), such as "Kitchen Helper," "Cleaner," "Packager, Hand," "Bench Assembler," "Bottle Packer," and "Inspector and Hand Packager," Tr. at 20 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since November 18, 2022, the date the application was filed." Tr. at 20 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.    Discussion

Plaintiff argues the RFC does not sufficiently account for his moderate limitations in concentration, persistence, and pace. Pl.'s Mem. at 7-12. According to Plaintiff, the ALJ, having found moderate limitations in those areas at early steps as part of the psychiatric review technique ("PRT"), was obligated to include more mental limitations than he did in the RFC. See id.; Reply at 1-4. Defendant, responding, argues that substantial evidence supports the RFC finding, and it adequately incorporates the moderate limitations in concentration, persistence, and pace. Def.'s Mem. at 5-16.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation

from purely medical standards of bodily perfection or normality." <u>McCruter v. Bowen</u>, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. <u>See</u> <u>id.</u> A claimant has the burden of proving that impairments are severe. <u>See</u> <u>Bowen</u>, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; <u>see also</u> <u>Walker v. Comm'r, Soc. Sec. Admin.</u>, 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." <u>See</u> <u>Bowen</u>, 482 U.S. at 141; <u>Simon v. Comm'r, Soc. Sec. Admin.</u>, 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; <u>see also</u> <u>Walker</u>, 835 F. App'x at 541-52.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

In Winschel, the Court of Appeals for the Eleventh Circuit found error in an ALJ's decision because the ALJ determined the claimant had "a moderate limitation in maintaining concentration, persistence, and pace" but "did not indicate that medical evidence suggested [the claimant's] ability to work was unaffected by this limitation, nor did he otherwise implicitly account for the limitation in the hypothetical [to the VE]." 631 F.3d at 1179. According to the Eleventh Circuit, "the ALJ should have explicitly included the limitation in his hypothetical question to the [VE]." Id. Nevertheless, the Eleventh Circuit

- 9 -

suggested that in other appropriate circumstances, an ALJ may properly find that the medical evidence of record supports only an RFC limitation of unskilled work despite moderate limitations in concentration, persistence, or pace. See id. (citations omitted) (collecting cases finding that "when medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations").

Post-Winschel, the Eleventh Circuit (albeit in unpublished opinions) has recognized that a moderate limitation in concentration, persistence and pace can be sufficiently accounted for by posing a hypothetical to a VE that limits an individual to simple, unskilled work (or something similar) when the medical evidence demonstrates an ability to perform such work. See, e.g., Mijenes v. Comm'r of Soc. Sec., 687 F. App'x 842, 846 (11th Cir. 2017) (finding that "[b]ecause the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant's RFC] to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace" (citation omitted)); Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 907-08 (11th Cir. 2013) (approving of a limitation to "simple, one-two step task[s with] only occasional contact with the public, coworkers, and supervisors" as

- 10 -

accounting for moderate limitation in concentration, persistence and pace in light of opinions of two non-examining psychologists' opinions supporting the finding); Jacobs v. Comm'r of Soc. Sec., 520 F. App'x 948, 951 (11th Cir. 2013) (finding a limitation "to one to three step non-complex tasks" sufficiently accounted for moderate limitation in concentration, persistence, and pace); Washington v. Soc. Sec. Admin., Comm'r, 503 F. App'x 881, 883 (11th Cir. 2013) (finding a limitation "to performing only simple, routine repetitive tasks with up to three-step demands, and only occasional changes in the work setting, judgment, or decision making" was sufficient to account for moderate limitation in maintaining concentration, persistence, and pace); Scott v. Comm'r of Soc. Sec., 495 F. App'x 27, 29 (11th Cir. 2012) (distinguishing Winschel and finding that "the medical evidence demonstrated that [the claimant] could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence, and pace"); Jarrett v. Comm'r of Soc. Sec., 422 F. App'x 869, 871 (11th Cir. 2011) (finding that the limitations of simple tasks and only being able to concentrate for brief periods of time accounted for the claimant's moderate difficulties in concentration, persistence, and pace).

Here, the ALJ assessed the broad areas of mental functioning set forth in the Regulations and 20 C.F.R. Part 404, Subpart P, Appendix 1, and found as to the broad area in question that Plaintiff has "moderate limitation" in concentrating, persisting, or maintaining pace. Tr. at 14. Later, in assessing the

RFC, the ALJ determined Plaintiff's mental limitations as: "requires a low stress job with simple tasks and no production line"; "must avoid contact with the public and coworkers, and needs tasks that do not require the assistance of others or require him to assist others in the performance of their tasks." Tr. at 15 (emphasis omitted). The VE, in response to a hypothetical including the same limitations, testified Plaintiff would be able to perform the jobs of kitchen helper, cleaner, hand packager, bench assembler, bottle packer, and inspector and hand packager, all of which are "routine and repetitive [in] nature [and] unskilled." Tr. at 135-36. The ALJ so found at step five. Tr. at 20.

The ALJ did not commit reversible error. Plaintiff contends the mental limitations in the RFC insufficiently accounted for the moderate limitations in concentration, persistence, and pace, Pl.'s Mem. at 7-12; Reply at 1-4, but the undersigned disagrees. Plaintiff relies mainly on unpublished opinions from the Middle District of Florida to support the argument that the assigned limitations here do not suffice. See Pl.'s Mem. at 10-11 (citations omitted). But, even those opinions recognize that the Eleventh Circuit approves of similar RFC limitations when they are supported by the record. See, e.g., Cruz v. Kijakazi, No. 8:22-cv-1502-AEP, 2023 WL 5217189, at *10 (M.D. Fla. Aug. 15, 2023) (citations omitted). Cruz and others distinguished their respective circumstances, finding that the record did not support the assigned RFCs. See, e.g., id.

- 12 -

Here, Plaintiff cites some evidence of his "history of concentration issues," Pl.'s Mem. at 11 (citations omitted), but the ALJ considered the record, including the cited evidence, see Tr. at 16-19. The ALJ relied in part on state-agency psychologists, who collectively opined Plaintiff could perform simple, routine, and repetitive tasks in a work setting with low social demands. Tr. at 17 (citing Exs. 2A, located at Tr. at 142-48, and 4A, located at Tr. at 150-58). Plaintiff does not challenge such reliance.

Ultimately, the ALJ concluded that despite difficulty with concentration, "[m]ental health examination findings do not show work-preclusive abnormalities," and Plaintiff's "level of mental impairment appears to be no more than moderate in degree," allowing for the performance of "simple unskilled work." Tr. at 18. These findings are supported by substantial evidence. The ALJ's assigned limitations resulted in VE testimony that Plaintiff could perform certain unskilled jobs. Tr. at 15, 135-36. The ALJ adopted such testimony at step five. Tr. at 20. Under Winschel and its progeny, such limitations adequately accounted for the moderate limitations in concentration, persistence, and pace.

## V.   Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

- 13 -

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.      The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on February 17, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record